Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
____Houston____ DIVISION

*United States Courts*
*Southern District of Texas*
*FILED*
*MAR 15 2021*
*Nathan Ochsner, Clerk of Court*

BABAJIDE BABATUNDE (PRO SE) §
        Plaintiff.              §
versus                          §     CIVIL ACTION NO. _____
                                §
WELLSFARGO BANK                 §     JURY TRIAL DEMANDED.
        (Defendant)             §

ORIGINAL COMPLAINT

Plaintiff, Babajide Babatunde, Pro Se for complaints states as follows:

On the 12th April, 2016, at a Wellsfargo bank branch located at 7302 Bellaire blvd, Houston, Texas — An area which is predominantly Asian community in Houston Metropolitan Area. I was vindictively arrested and charged with "Tampering with Government Document" under State of Texas with Police report number 465490-16

This arrest and prosecution is malicious and violations of my rights under the United State Statute as afforded by title 42 Section 1981 and 1983.

On April 12, 2016 at the Wellsfargo branch named above, I stepped into the branch to make a withdrawal from a business account - JOBIX INC - ACCOUNT NUMBER 1072597303. An account that was opened under a duly registered and incorporated under the State of Texas using an Alias (Jobi Johnson). This account was opened first as a personal checking account about six months prior and then a business account few weeks leading to the incident on April 12, 2016.

My mission at the bank was to withdraw some funds from this account of mine. I was to complete payment at a shipping company for a container shipment to procure a Telex release of my consignments at the Ports authority at Lagos-Tincan, Nigeria. The available balance in this account on this day was in excess of $10,000.

To complete this transaction, I presented the same identification [Republic of Ireland, Passport] I had opened this account with - Same Identification on the record. I noticed a prolonged delay of up to 30 to 40 minutes. I asked what the problem was but no reasonable response.

-2-

After a while, the police showed up. I was identified by Micheal Young [the vice-President at the branch]. I was siezed and arrested. The officer, Sgt V. Nguyen held me up in a room within the banking hall for interogations. He said a report was made about a man who was trying to cash a check from an account belonging to someone else with a forged passport. I told him that the account in question is mine. I told him its a backup account for my business financing and I was obviously not trying to invade someone else's account.

Defendant [Wellsfargo] obviously would figure this out if they conduct a due deligence verification instead of a racially motivated conclusion.

Micheal Young showed in the room with a lady [teller] who had notified him of an incident. She said she felt I look too much of an African to carry an Irish passport so she took it upon herself to aggressively rip off the data page as her way of verifying the identification. Thus, to satisfy her curiosity.

-3-

Apparently, because of this unfortunate action, they had to report it as a crime to cover up the tampering and unauthorized destruction. I find such behavior intimidating and repugnant, which complicated my judicial defense after the destruction of the 'material evidence' which [Passport] which ought to have been reasonably preserved considering the level of culpability. Micheal Tong presented the 'Passport' (now the material evidence) which to me was unrecognized because it had been tampered and mutilated. There was an underlying data page that shows 'David Mahon' which I completely have no idea who this was. He also showed up with a printed bank account information and statements in an effort to change and control the narratives and aggressively prosecute plaintiff. This was in violation of the Right to Financial Privacy Act of 1978 without satisfying the requirement as set forth by Statute.

While in the Police vehicle, the Officer expressed a displeasure on how the passport had been ripped off. Pursuant to Houston Police Report Number: 465490-16, I was charged with

- 4 -

"Tampering with Government Document" — An act that was perpetrated by Defendant in the State of Texas. The case went on for more than a year costing me a fortune in legal fees and on my personal business and family responsibilities. This incidential act subjected me to further vindictive prosecutions and violations of several rights and denial of judicial due process which are being remedied under a separate procedure.

Plaintiff is currently housed at Reeves Correctional Institution after the Federal picked up the same charge after it was dismissed at the State level.

## II PARTIES, JURISDICTION, VENUE

1. Plaintiff, Babajide Babatunde, at all relevant times is an adult male and a resident of State of Texas.

2. Defendant, Wellsfargo Bank is at all relevant times is a Financial Institution.

3. Defendant, Wellsfargo Bank at all relevant times has a Fiduciary over her branches and actions of staff, agents and employees as related to the services provided.

-5-

4. This action arises under 42 U.S.C Section 1981, 42.U.S.C Section 1983 and Right to Financial Privacy Act of 1978 to remedied the deprivation of rights as guaranteed under the United States Constitution.

5. This court has jurisdiction over this action pursuant to 28 U.S.C Section 1332 [Diversity case]

6. The cause of this action arises in the Southern District of Texas, therefore venue is proper under 28 U.S.C 1391(b).

7. Plaintiff's claims for nominal and compensatory damage are appropriate as a remedy for loss and hardship suffered due to the deprivation of rights and civil liberty.

8. Plaintiff has filed no other lawsuit dealing with same facts involved in action. Although plaintiff has made rigorous efforts to address this matter with Defendant in attempts to have the matter resolved.

9. Plaintiff made efforts to get the issue addressed by the Customer Correspondence unit in North Carolina and the Escalated Complaint Unit [Case # 0620200911 0926073]

-6-

10. After numerous effort without ratification, Plaintiff filed another complaint with Consumer Financial Protection Bureau (CFPB) - Case # 200911 - 5462402

## STATEMENT OF CLAIM/FACTS

11. At all relevant times herein, Defendants were 'Persons' for the purpose of 42 U.S.C Section 1981 [Equal Protection under the law] and 42 U.S.C 1983 [Deprivation of rights under the law]

12. Plaintiff suffered a discriminatory and malicious treatment as a customer in the incident on April 12, 2016. Defendant [Wellsfargo] will be accountable as a fiduciary for actions by its agent as the principal.

13. Alteration, tampering, destruction of the instrument which is the material evidence by an agent (teller), while in the transaction of the principal's business and within the scope of his or her authority, then the act of the agent is the act of the principal.

14. Plaintiff has made several efforts deligently in an attempt for a resolution but Defendant (Wellsfargo) failed to ratify the act of its agent. In an effort to ratify, such ratification of an unauthorized act of an agent of a bank may be expressed as by spoken or written words or it may be implied from any act, words or course of conduct on the part of the principal – which reasonably tends to show an intention to ratify such unauthorized act of the officer or agent.

In a proper case, ratification may be effected by reasons of the fact that the bank remains silent when good faith would have impelled it to have spoken or that it fails promptly to disaffirm and repudiate the unauthorized acts of its agent.

15. Defendant failed to honor a subpoena for its agent to witness and testify either to affirm or disaffirm this act. Having made this clear, A banking corporation in this case, the defendant (Wellsfargo) is liable for the wrongful or tortious act and declaration of its agent within the course and scope of their employment.

-8-

16. As a corollary to this allegation and as clearly evidenced on the police report (465490-16), The right of Financial Privacy Act does not require that information relating to a bank customer's financial records be conveyed in writing before its disclosure can violate a bank customer's right to privacy in his or her records and the procedures required under Act are also applicable to oral disclosure of information.

No financial institution, or its agents or employees may provide to any government authority access to or copies of or the information contained in the financial records of any customer except in accordance with the provision of the Right to Financial Privacy Act of 1978.

A financial institution cannot release the financial records of a customer until the government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provision of the Act.

In this situation, Defendant did not even wait on government's request but zealously printed records of financial records to cover up its egregious acts of destruction to control the narratives.

-9-

## PRAYER FOR RELIEF

17. Plaintiff is seeking that Defendant release and pay him the remaining balance in both the Personal checking and Business checking account (#1072597303) which is in excess of $10,000. This funds does not belong to Defendant.

18. Plaintiff is seeking in compensatory damages a total sum of Two million, Five hundred thousand dollars ($2,500,000) which is being calculated as a compensation of $500,000 (Five hundred thousand dollars) every year from 2017 to 2021. This compensatory damage is to remedy each year of crippled business operation of Plaintiff's companies [ORO CONCEPTS INC] and [ALAMZ INTERNATIONAL INC] as well as a distorted family, mental and emotional torture resulting from the Defendant's act.

19. To this effect, Plaintiff also Demand a Jury Trial.

Signed this 25th day of February 2021

_____

I declare under

I declare under penalty of perjury that the foregoing is true and correct.

02/25/2021
Date.

Babajide Babatunde
Plaintiff.

#39323-479
eves County Detention Center III
o Box 2038
ecos, TX 79772



7020 1290 0001 0592 9207



United States Courts
Southern District of Texas
FILED

MAR 15 2021

Nathan Ochsner, Clerk of Court

THE CLERK
UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF TEXAS
515 RUSK ST,
HOUSTON, TX 77002.